# CHARLESTON.

EAKIN v. TAYLOR

Submitted June 6, 1903.   Decided April 22, 1904.

1.   SYLLABUS APPROVED.
      Point 1 of Syllabus, in case of *Freer* v. *Davis*, 52 W. Va. 1 reaffirmed.   (p. 656).

Appeal from Circuit Court, Calhoun County.

Bill by Justus Eakin and others against Tasril Taylor and others.   Verdict for defendants, and plaintiffs appeal.

*Modified.*

T. P. JACOBS and E. B. SNODGRASS, for appellants.

LINN & HAMILTON, for appellees.

MCWHORTER, JUDGE:

On the 8th day of August, 1902, Justus Eakin, D. H. Cox, Thomas Mills and R. E. L. Snodgrass presented their bill to the judge of the circuit court of Calhoun county praying for the cancellation of a lease made by Tasril Taylor to the Lowther Oil Co., as a cloud upon their title to one hundred acres of land on Yellow Creek in the county of Calhoun, and to enjoin the Lowther Oil Co., and the Eureka Pipe Line Co., from paying over to or delivering to said Taylor any portion of the oil produced from said tract and that said Taylor be required to account to plaintiffs; that the transfer of money or funds from said Taylor

his son, Amnon Taylor, be cancelled, and the said Amnon
aylor be required to account to them for the same, and the Cal-
oun County Bank be enjoined from paying over to said Amnon
aylor in any manner any funds due his account in said bank de-
ved from the sale of oil and placed in his hands by his father
asril Taylor; and praying for process against all of said par-
es defendants.  Plaintiffs alleged in their bill that they were
e owners, among other things, of a tract of one hundred acres
land described in the bill by metes and bounds on Yellow
reek in that part of Calhoun county being formerly Lewis
unty, which was granted to John Walden in 1844; that Wal-
n died intestate leaving surviving him two sons, Gilbert Wal-
n and ——— Walden, and possibly a widow; that some time
ter the death of John Walden his son ——— Walden, and
other of Gilbert, died intestate, unmarried and without issue,
aving said Gilbert Walden as the only son and heir at law of
id John Walden, deceased, and of his deceased brother, where-
the said Gilbert Walden became and was the sole tenant in
e simple absolute to said tract of land.  By deed dated the·4th·
y of May, 1901, said Gilbert Walden, being sole and unmarried·
nveyed with covenant of general warranty to plaintiffs all the·
ght, title and interest and claim which his father John Wal-
n, ever had in and to among other things, said tract of one·
ndred acres of land, and filed with their bill what purported·
be a copy of the patent to John Walden for the said one hun-
ed acres of land, marked "Exhibit A." Also as "Exhibit B,"·
ey filed what they termed a copy of the said deed of May 4th,.
01, from Gilbert Walden to themselves and alleged that Tasril
ylor had entered upon said tract of land without their consent,.
d was in the possession thereof, claiming the same against
aintiffs, and excluded them from the possession of the same;.
had professed, as plaintiffs were informed, to execute an oil
d gas lease upon said tract of land to the Lowther Oil Co., or·
some one who had assigned such lease to the said oil company;.
at in pursuance of such pretended lease said oil company had
tered upon and drilled and operated the same for the produc-
n of oil and gas, and had produced the same in paying quanti-
s, and were paying over a certain portion thereof to said Tay-
; that said entry upon the land by Taylor and the Lowther ·
Co., was without the plaintiff's knowledge and consent, and .

that the taking of oil and gas from said land under said so-called lease constituted, as to plaintiffs, an irreparable damage to said tract of land, and the taking of such oil and gas operated as a waste; that large quantities of oil had been taken out by said company, and the royalty paid, and was being paid, to said Taylor, and that said Taylor for the purpose of avoiding any liability to plaintiffs transferred the proceeds of sale of such royalty oil to other and different parties; that as they were informed a large portion of such money derived from the sale of royalty oil had been so transferred with the purpose to wrong, cheat and defraud plaintiffs, to his son, Amnon Taylor, and that he kept the same on deposit in the Calhoun County Bank; that plaintiffs were willing that said oil company might develop said tract of land for oil and gas purposes under a lease or contract with them to pay the royalty oil to them, but were not willing that they should operate it under the Taylor lease, and to pay the royalty to him; that the oil so developed and produced from said tract of land was being run into the lines of the Eureka Pipe Line Co., and transported beyond the limits and boundaries of the State, and they had no means of knowing accurately the amount of said product.

The defendant filed his demurrer to the bill and his answer, in which he denied all the material allegations thereof, and alleged that plaintiffs had full notice of his claim and possession before they received any deed for the land claimed by them, and filed with his answer a contract in writing, signed by G. D. Camden for himself and J. Walden, dated December 10, 1870, agreeing to sell to him, for the sum of $250, of which the sum of $100 had been paid and the residue to be paid at times mentioned, October 1, 1871, and October 1, 1872; under which agreement defendant had taken possession of said land, and had been in said possession ever since, and under which purchase he was still claiming, and which agreement was entered of record in the clerk's office of the county court of Calhoun county, and which defendant evers in his answer was seen on the record and discussed by plaintiffs, whereby they had full notice of defendant's claim; he also filed a letter or power of attorney made by John Walden to Gideon D. Camden, dated November 6, 1865, which was duly acknowledged and entered of record April 25, 1872, in the same clerk's office, which power of attorney authorized said Camden

to sell the interest of said John Walden in the lands owned by him, and to make special or general warranty deeds therefor; and the defendant relied upon the gross *laches* and negligence of plaintiffs, and those under whom they claimed, in asserting demand for said land, and relief upon the staleness of such demand, and that if any equity ever did appertain to them it was lost, and prayed for a dissolution of the injunction and dismissal of plaintiff's bill and decree for costs. The plaintiffs took and filed in the cause the deposition of Gilbert Walden. On the 10th day of October, 1902, the following final decree was entered in the cause: "This cause coming on this day to be heard upon the bill of complaint of the plaintiffs, and the exhibits therewith filed, upon each of which exhibits there are endorsed certain exceptions by the defendant, Tasrel Taylor, and the grounds of such exceptions being ascertained to be true by inspection, the court doth sustain said exceptions; upon the answer of the defendant, Tasrel Taylor, and the exhibits therewith filed, the signature of G. D. Camden to "Exhibit B." being proved in open court by the oath of R. G. Linn; upon the bill taken for confessed as to the other defendants therein named; upon process which appears to have been executed for the time required by law; and upon the cause regularly proceeded in at rules and set for hearing as to them, and upon the bill now here taken for confessed as to all the defendants, except Tasrel Taylor; upon an attested copy of a certain writing under seal, dated on the 26th day of August, 1876, executed by John Walden to E. E. Gray, deputy sheriff of Fauquier county, Virginia, certified by L. H. Trippett, clerk of the county court of Calhoun county, wherein the same was duly recorded on the 19th day of September, 1876, when said writing was this day produced and filed as evidence on behalf of the defendant Tasrel Taylor, and a certain agreement in writing executed by John Walden and G. D. Camden under their respective seals, bearing date on the 4th day of August, 1843, which was likewise produced at the bar of the court and filed herein by the said defendant Tasrel Taylor, and which the said Tasrel Taylor is permitted to withdraw from the files of this cause upon leaving an attested copy and upon the depositions of Gilbert Walden taken and filed on behalf of the plaintiffs; and upon the motion of the defendant Tasrel Taylor this day made to dissolve the injunction heretofore awarded

in this cause, and was argued by counsel. Upon consideration whereof it is adjudged, ordered and decreed that the injunction heretofore awarded in this cause be, and the same is hereby dissolved, and that the plaintiffs bill in this cause be dismissed, and that the plaintiffs do pay to the defendant Tasrel Taylor his costs by him about his defense in this behalf expended."

The plaintiffs have a clear and adequate remedy at law, and fail to show any equity against the defendant Tasrel Taylor. This proceeding on the part of plaintiffs is an action of ejectment under the garb of a suit in equity alleging fraud on the part of defendant, as well as irreparable damages by the removing of the oil from the premises, in order to get equity jurisdiction. All the rights of plaintiffs are dependent upon their legal title which has never been established by law; they do not show that an action had been commenced or contemplated for the recovery of the possession of the land which is conceded to be in the possession of defendant at least under claim of title. This case comes clearly under the rulings of this Court in the case of *Freer* v. *Davis,* 52 W. Va. 1, where it is held (Syl. point 1) : "A court of equity has no jurisdiction to settle the title and boundary of lands between adverse claimants, when the plaintiff has no equity against the party claiming adversely to him."

The decree of the circuit court of Calhoun county should be modified so as to reserve the right of plaintiffs to bring their action at law if they be so advised, and with such modification the decree is affirmed.

*Modified.*